NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0646n.06
Filed: October 22, 2008

No. 07-5178

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| LONNIE SMITH, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: CLAY and KETHLEDGE, Circuit Judges, and OLIVER, District Judge.[*]

KETHLEDGE, Circuit Judge. Defendant Lonnie Smith appeals his sentence following his guilty plea to federal drug and firearms charges. Smith asserts that the district court erred in denying him an offense-level reduction, under U.S.S.G. § 3B1.2(b), for being a "minor participant" in the underlying marijuana-trafficking scheme. We disagree, and affirm.

I.

In November 2004, investigators with the Organized Crime Unit of the Memphis Police Department received information from a reliable informant that marijuana was being stored and sold at a residence there. The residence's utility records were in Smith's name.

---

[*]The Honorable Solomon Oliver, Jr., United States District Court Judge for the Northern District of Ohio, sitting by designation.

On November 18, 2004, investigators surveilled the residence and observed Smith loading several boxes into an older-model Ford van. Smith then drove away in the van, and was pulled over by uniformed officers for not wearing his seat belt. Smith exited the van and walked toward the officers, dropping a marijuana cigarette. The officers asked Smith if he needed it back, and Smith replied, "I ain't worried about that. There's plenty more of that in the van."

The officers approached the van and noticed a strong odor of marijuana. They requested a K-9 unit, which arrived and alerted on the boxes in the van. Investigators found approximately 665 pounds of marijuana in thirteen boxes in the van, and a .38 caliber revolver under the driver's seat. The police then executed a search warrant on the residence, finding drug paraphernalia, scales, plastic bags, and an additional nine pounds of marijuana.

On June 14, 2005, a federal grand jury sitting in the Western District of Tennessee returned a three-count indictment against Smith, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and two counts of unlawful possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Smith pled guilty to the charges.

The probation office prepared a presentence report, which recited the offense conduct described above. The report calculated Smith's offense level under the Sentencing Guidelines to be 25, with a criminal history category of VI, resulting in an advisory guideline range of 110 to 137 months' incarceration.

Smith objected to the presentence report's description of the offense conduct. He asserted the description was incomplete because it did not mention that he had told the officers at the scene

that the drugs were not his and that a pit bulldog found in the van belonged to someone else. Smith did not otherwise dispute the presentence report's description of the offense conduct.

Smith also objected to the presentence report's calculation of his offense level. Smith argued he was entitled to a two-level reduction for being a "minor participant" in the offense under U.S.S.G. § 3B1.2(b).

At Smith's sentencing hearing, the district court rejected Smith's argument that he was a minor participant in the offense. The court reasoned that the facts set forth in the presentence report–including that Smith was seen loading boxes from the residence into the van, that Smith's name was on the utility records of the residence, and that there was a search warrant executed on the residence which revealed drug paraphernalia, scales, bags, and an additional nine pounds of marijuana–all indicated that Smith was "more than simply a conduit" and gave "some indication that there may have been some selling going on." Accordingly, the district court denied the requested reduction, and sentenced Smith to 110 months' incarceration followed by four years of supervised release.

Smith now appeals, challenging only the district court's denial of his request for a two-level reduction as a minor participant under U.S.S.G. § 3B1.2(b).

II.

The Sentencing Guidelines provide for "a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n. 3(A). Section 3B1.2 provides:

> Based on the defendant's role in the offense, decrease the offense
> level as follows:
>
> > (a) If the defendant was a minimal participant in any criminal
> > activity, decrease by 4 levels.
>
> > (b) If the defendant was a minor participant in any criminal
> > activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2.

The reduction for a minimal participant "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." *Id.* cmt. n. 4. A reduction for a minor participant–which is the relevant definition here–"applies to a defendant . . . who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* cmt. n. 5. The "salient issue is the role the defendant played in relation to the activity for which the court held him or her accountable." *United States v. Salgado*, 250 F.3d 438, 458 (6th Cir. 2001). "A defendant whose role has 'importance in the overall scheme' for which he is being held accountable is not a minor participant within the meaning of § 3B1.2." *United States v. Salas*, 455 F.3d 637, 643 (6th Cir. 2006) (quoting *Salgado*, 250 F.3d at 458).

We review a district court's denial of an offense-level adjustment for clear error. *Salgado*, 250 F.3d at 458. Clear error leaves us "with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948). Under this standard, we will not reverse the district court's finding "simply because we would have decided the case differently." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). Thus, with respect to § 3B1.2,

"[s]imply because the court *could* have applied a minor role adjustment . . . does not mean that the district court was *required* to apply the adjustment." *Salas*, 455 F.3d at 643.

Moreover, the defendant bears the burden of proving by a preponderance of the evidence that he was a minor participant in the offense. *Id.* The issue, therefore, is whether the district court clearly erred in holding that Smith failed to prove by a preponderance of the evidence that he was a minor participant in the offense.

The district court made no such error. It was Smith's burden to prove he was a minor participant. He presented little or no evidence, other than his own testimony, to meet it. Smith asserted he was "merely a person that was being used to move these drugs from one point to another," whose role "was much lesser than [the] person that these drugs belonged to." He also asserted that he did not own the marijuana, the residence in which it was stored, or the vehicle in which he was stopped.

But Smith does not dispute that, in November 2004, the Memphis Police received information from a reliable informant that marijuana was being stored at and sold from a residence in Memphis; that the utilities for the residence were in his name; that police observed him loading boxes from the residence into the vehicle; that he knew the boxes contained marijuana; that he drove away from the residence with 665 pounds of marijuana in the vehicle and a revolver under the driver's seat; or that police found drug paraphernalia, scales, plastic bags, and an additional nine pounds of marijuana in the residence.

The evidence, therefore, left the district court with ample basis to conclude that Smith's "role ha[d] 'importance to the overall scheme' for which he was held accountable[.]" *Salas,* 455 F.3d at

643 (quoting *Salgado,* 250 F.3d at 458). And, more to the point, it left the court with ample basis

to find that Smith had not met *his* burden of proving the contrary. Consequently, the district court

did not clearly err in denying the requested reduction.

III.

For the foregoing reasons, we affirm Smith's sentence.